IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEVIN CROUSE, GINGER CROUSE,** | ) | |
| **and STEVE WEBER**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. **07-031-WDS** |
| | ) | |
| **CROSSROADS WORKFORCE** | ) | |
| **INVESTMENT BOARD,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is third-party movant Illinois Department of Commerce and Economic

Development's Motion to Quash Subpoena. **(Doc. 40)**. Plaintiffs have filed a response at **Doc.**

**44.**

Plaintiffs are suing their former employer, Crossroads Workforce Investment Board, for

allegedly retaliating against them in violation of Title VII. Plaintiffs initially sued Therese

McMahon, a deputy director of the Illinois Department of Commerce and Economic

Development, under 42 U.S.C. §1983 and for intentional infliction of emotional distress. The

claims against McMahon were dismissed. **See, Doc. 35.**

This motion is brought pursuant to Fed.R.Civ.P. 45. The subpoena directs the

Department to produce the personnel files of Therese McMahon, Ray Parrack, and Melissa

Daniel. The Department objects to producing the files on the basis of relevance. Movant points

out that McMahon, Parrack, and Daniel were not employed by defendant Crossroads Workforce

Investment Board, were obviously not plaintiffs' employer, and are not parties to this action.

Secondly, movant objects that the personnel files contain information personal to the employees,

1

and that disclosure would violate the employees' right to privacy.

In response, plaintiffs point out that they are entitled to discover relevant information, which may include impeachment material. They also point out that they offered to exclude personal information such as information relating to health, insurance, or family matters.

Fed.R.Civ.P. 26(b)(1) defines the scope of discovery as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

It is difficult to see how the personnel files of Therese McMahon, Ray Parrack, or Melissa Daniel could contain information relevant to the issues in this case. Plaintiffs's response makes no effort to explain how the information could be relevant, except for their observation that impeachment information is discoverable. While that may be true as a general proposition, there is no blanket rule that permits the discovery of the personnel file of every witness so that impeachment information can be searched for. This appears to be the classic "fishing expedition."

Upon consideration and for good cause shown, third-party movant Illinois Department of Commerce and Economic Development's Motion to Quash Subpoena **(Doc. 40)** is **GRANTED**.

**IT IS SO ORDERED.**

**DATE: May 19, 2008.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**